DYK, Circuit Judge,
concurring.
I join the majority opinion, and write separately only to emphasize that the voluntary abandonment of challenged conduct will not always and automatically preclude the award of attorney’s fees. As Buck-hannon itself recognized, there may be circumstances in which a continuing controversy will exist despite the claimed voluntary abandonment; the merits of the case will be decided; and the winning party will be entitled to prevailing party status. Thus in Buckhannon, the Court stated:
It is well settled that a defendant’s voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. If a case is not found to be moot, and the plaintiff later procures an enforceable judgment, the court may of course award attorney’s fees.
Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 609, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (internal citations omitted).
The majority here correctly concludes that this is not such a case. There was no settlement agreement leading to the entry of an enforceable decree, and the Court of Federal Claims entered an injunctive order without deciding the merits. Under such circumstances, I agree that there is no entitlement to fees.